# EXHIBIT A



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

7-Eleven, Inc.
Casey Pennell Legal Assistant
7-Eleven, Inc.
3200 Hackberry Road
Irving TX 75063

07/14/2022

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2022-1940

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1.  | **Entity Served:** | 7-Eleven, Inc. |
|---|---|---|
| 2.  | **Title of Action:** | Jumping Jack Retail II, Inc. vs. 7-Eleven, Inc. |
| 3.  | **Document(s) Served:** | Summons<br>Complaint |
| 4.  | **Court/Agency:** | Broward County 17th Judicial Circuit Court |
| 5.  | **State Served:** | Florida |
| 6.  | **Case Number:** | CACE22-009796 |
| 7.  | **Case Type:** | Breach of Contract |
| 8.  | **Method of Service:** | Hand Delivered |
| 9.  | **Date Received:** | Thursday 07/14/2022 |
| 10. | **Date to Client:** | Thursday 07/14/2022 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 20<br>Wednesday 08/03/2022    <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Kenneth Mair<br>Lauderhill, FL<br>954-730-0082 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 101 |
| 16. | **Notes:** | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

| | |
|---|---|
| **JUMPING JACK RETAIL II, INC.,** | **CIVIL DIVISION** |
| Plaintiff, | |
| vs. | **CASE: CACE22-009796 (13)** |
| **7 ELEVEN, INC.,** a Florida Corporation, | **JUDGE:** |
| Defendant. | |

## SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the Complaint or Petition, in this action on the Defendant, **7 ELEVEN, INC., a Florida Corporation.**

**To:** **Corporate Creations Network Inc.**
**801 U S Highway 1**
**North Palm Beach, FL 33408**

Each defendant is required to serve written defenses to the Complaint with the Clerk of this Court, to Law Offices of **KENNETH MAIR, ESQUIRE**, whose address is 4980 N W 65 Avenue, Lauderhill, FL 33319, response to the Complaint must be filed within **20 calendar days**, after service of this summons on that Defendant(s), exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on the Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that the Defendant(s) for the relief demanded in the complaint or petition.

**DATED this** \_\_\_      JUL 11 2022

As Clerk of the Court

By: _____
As Deputy Clerk

BRENDA D. FORMAN

## IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

JUMPING JACK RETAIL II, INC.,     CIVIL DIVISION

    Plaintiff,

                                            CASE:

    vs.

7 ELEVEN, INC.,                      JUDGE:
    a Florida Corporation,

    Defendant.
_____/

## COMPLAINT

**COMES NOW, JUMPING JACK RETAIN II, INC.,** (hereinafter "PLAINTIFF") by and through the undersigned attorney, **LAW OFFICE OF KENNETH MAIR**, files this complaint, against the Defendant, **7 ELEVEN, INC.,** (hereinafter "DEFENDANT") for breach of contract and further states:

1. The PLAINTIF, an individual, brings this Complaint against the "DEFENDANT" to obtain redress from the "DEFENDANT" and to recover damages for breach of commercial contract to operate a franchise in compliance with the Federal Trade Commission (FTC) regulations.

## PARTIES

2. "PLAINTIFF" is a natural person and citizen of the State of Florida and resides in Pembroke Park, Florida.

3. "DEFENDANT" is a Florida Corporation with its principal place of business is located at Pembroke Pines, Florida.

## JURISDICTION

4. This Court has subject matter jurisdiction because the matter involved breach of contracts where the amount is in excess of $100,000.00.

5. This Court has personal jurisdiction because "DEFENDANT" is a registered Florida cooperation and does business in the State of Florida.

1

6. Pursuant to the contract terms, section 30(a): *Governing Law Jurisdiction* "this agreement will be governed by and interpreted and construed under the laws of the State in which the store is located except for applicable conflict of law rules".

7. Also, section 30(b) of the Franchise agreement states: "with respect to any controversy not finally resolved through mediation, you hereby irrevocably submit to the jurisdiction of any forum or Court, whether Federal or State, within the judicial district unlawful alleged". The activities emanated from the State of Florida.

8. Venue is proper in this State because a substantial part of the events, omission and commission giving rise to the claims occurred in the State of Florida.

## STATEMENT OF FACTS

9. On November 15, 2015, "PLAINTIFF" entered into a franchise agreement with "DEFENDANT" to operate franchise store # 34822A in Broward County.

10. However, there were no disclosures that a successful performance of this franchise was contingent on any factor other than the compliances as developed by "DEFENDANT" over its years of owning and selling franchises. **(See Exhibit A)**

11. Sometime thereafter, "PLAINTIFF" told "DEFENDANT" that this particular franchise store # 34822A was low performing.

12. Thereupon, "DEFENDANT" told "PLAINTIFF" that the way to make more money as a franchise owner was to own more than one store.

13. Consequently, "PLAINTIFF" acquired franchise store # 38056A.

14. This store # 38056A was acquired from "DEFENDANT" as an independent undertaking and was not tied in any way to the Pembroke Pines store # 34822A. **(Exhibit B)**

15. "PLAINTIFF" paid "DEFENDANT" following amounts for franchise store # 38056A.

    $230,000.00 Franchise Fee

    $ 25,000.00 Down payment

    $ 2,000.00 Cash register

2

16. Immediately thereafter, "PLAINTIFF" started to experience a number of counterproductive situations including:
    (a) the location of store # 38056A was in a high crime area
    (b) the CAP was over 743, contrary to "DEFENDANT's" internal policies, not to operate any franchise where the CAP is over 650
    (c) thus, within a year and a half, the store experienced over fifty (50) thefts
    (d) the police reports included three (3) armed robberies).
17. Despite applying counter measures, the losses persist because of the thefts.
18. "DEFENDANT" did nothing to counteract the problems, and so losses at store # 38056A persists.
19. Given all the crime and the accompanying losses every month, store # 38056A could not support itself and make the monthly remittance as per the contract.
20. Thus, store # 38056A failed as a viable operation.
21. The failure of store # 38056A was not a result of any mismanagement or any failure of "PLAINTIFF" to operate according to the terms of the franchise contract.
22. Rather, it became apparent that "DEFENDANT" built store # 38056A in an area where it was not only difficult to operate but was impossible to do so profitably.
23. "DEFENDANT" knew or should have known that store # 38056A would eventually fail because to build a franchise in such a crime infested area, without more, would be an impossible task to operate a profitable franchise.
24. When "DEFENDANT" took back store # 38056A "PLAINTIFF" lost all of his investments.
25. At no time, either before or after the acquisition of store # 38056A, did "DEFENDANT" disclose to "PLAINTIFF" its policies on not erecting a store in a high crime area.
26. As a contrast, the other franchise in Pembroke Pines, store 34822A continued as a profitable business.
27. The two (2) franchises, store # 34822A and 38065A, were acquired as separate entities with their own, investments, liabilities and accounting systems.
28. On or about February 15, 2020, "DEFENDANT" took back store # 38056A and

3

all the assets.

29. Upon doing so, "DEFENDANT" took back all of the remaining assets from store # 38056A without refunding any portion of "PLAINTIFF's" investment of time and cash, which was in excess of $300,000.00.

30. In the meantime, store # 34822A, continued as a viable entity.

31. However, sometime in September 2020, the financial aspect for store # 34822A showed that its account was debited in the sum of $3,693.66.

32. In spite of persistent requests for explanation, for more than a year, "DEFENDANT" revealed that the deduction from the account of store 34822A was done in order to pay workers compensation dues for the year 2019 for franchise store 38065A.

33. Nowhere in the contracts for stores # 34822A and 38065A was there any agreement to comingle the respective assets or liabilities.

34. Though "PLAINTIFF" owned the two (2) franchises, they operated as separate and independent entities.

35. Due to this improper transaction, "DEFENDANT" forced the delinquency of franchise store # 34822A franchise and used this as a pretext to take back the viable franchise store # 34822A on January 15, 2021.

36. Given the above sequence of events, and as a result of "DEFENDANT" actions and inactions, "PLAINTIFF" has sustained the following damages:

    (1) Loss of deposit of cash on franchise # 34822A

    (2) Loss of deposit of cash on franchise # 38056A

    (3) Loss of interest on initial investments

    (4) Loss of wages and compensation

    (5) Loss of income

## COUNT I

## BREACH OF CONTRACT: FRANCHISE 38056A

37. The "PLAINTIFF" re-alleges paragraphs 1 through to 36 and they are incorporated herein by this reference.

38. When "DEFENDANT" failed to disclose that they knew or should have known

4

that investing and operating store # 38056A in Miami, Florida was a losing proposition.

39. "DEFENDANT" violated its own policy when "DEFENDANT" built store # 38056A in a location where "DEFENDANT" knew or should have known that the CAP was over 743.

40. "DEFENDANT" withheld vital information from "PLAINTIFF".

41. Had "PLAINTIFF" known of such high rate of crime, "PLAINTIFF" would not have invested in franchise store # 38056A.

42. This franchise store # 38056A failed because of the high rate of crime.

43. "PLAINTIFF" reserves the right to amend the Complaint.

**WHEREFORE**, "PLAINTIFF" demands Judgment against "DEFENDANT" for damages and that the grant the following:

    a. Cost and attorney's fees.

    b. All other awards the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT: FRANCHISE 34822A

44. The "PLAINTIFF" re-alleges paragraphs 1 through to 36 and they are incorporated herein by this reference.

45. When "DEFENDANT" withdrew $3,693.66 from the account of store # 38056A, "DEFENDANT" breached the contract between itself and "PLAINTIFF" by making improper withdrawal from that account and creating a deficit and used such deficit as a pretext to take back an otherwise profitable franchise that was in all respect, full compliance to all the terms of the contract.

46. "PLAINTIFF" reserves the right to amend the Complaint.

**WHEREFORE**, "PLAINTIFF" demands Judgment against "DEFENDANT" for damages and that the grant the following:

    a. Cost and attorney's fees.

    b. All other awards the Court deems just and proper.

Respectfully submitted,

**LAW OFFICES OF KENNETH MAIR**
4980 N W 65 Avenue
Lauderhill, Florida 33319
Phone: (954) 730-0082
Fax:    (954) 777-0290

BY: _/s/ Kenneth S. Mair_____
KENNETH S. MAIR, ESQUIRE
Fla. Bar # 0495581
Attorney for Plaintiff

JUN 1 4 2022