UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-61443-BLOOM/Valle

JUMPING JACK RETAIL II, INC.,

    Plaintiff,

v.

7-ELEVEN, INC.,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant 7-Eleven, Inc.'s Motion to Dismiss Plaintiff's Complaint, ECF No. [5] ("Motion"). Plaintiff Jumping Jack Retail II, Inc. filed a Response in Opposition, ECF No. [9] ("Response"), to which Defendant filed a Reply, ECF No. [12] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is granted.

**I.    BACKGROUND**

On July 6, 2022, Plaintiff initiated this action against Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, entitled *Jumping Jack Retail II, Inc. v. 7-Eleven, Inc.*, No. CACE-22-00979, ECF No. [1-1]. The Complaint contains two counts. *See* ECF No. [1-1]. Count I alleges that Defendant breached the franchise agreement for store number 38056A ("Miami Agreement"), and Count II alleges that Defendant breached the franchise agreement for store number 34822A ("Pembroke Pines Franchise Agreement") (collectively,

"Franchise Agreements"). *See id.* On August 2, 2022, Defendant removed the case to federal court, pursuant to 28 U.S.C. §§ 1441 and 1446. ECF No. [1].[1]

In the instant Motion, Defendant seeks to dismiss the Complaint because (1) Count I fails to properly plead a breach of contract claim; (2) Counts I and II are not ripe because Plaintiff failed to mediate; and (3) Plaintiff does not have standing to bring Count II because Plaintiff is not a party to the Pembroke Pines Franchise Agreement. *See* ECF No. [5]. Plaintiff responds that (1) mediation was optional not mandatory; (2) Plaintiff does have standing to bring Count II because Plaintiff is a party to the Pembroke Pines Franchise Agreement; (3) Plaintiff added the proper party in its First Amended Complaint on May 25, 2022; and (4) the matter is not properly before this Court. *See* ECF No. [9].

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting

---

[1] A related case was previously before this Court. *See Dejacmar Francois v. 7 Eleven Inc.*, 22-cv-60473(S.D. Fla. June 6, 2022) ("Related Case"). In that matter, the operative First Amended Complaint was filed on May 25, 2022, and alleged the same breach of contract as the instant action. ECF No. [9-1] at 1. After a *sua sponte* review of the record, the Court determined that the Court lacked subject matter jurisdiction, and the Related Case was dismissed without prejudice on June 6, 2022. *Id* at 3.

*Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Further, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c); *see also Honick v. Ace Ins. Co. of the Midwest*, No. 2:21-CV-637-SPC-NPM, 2021 WL 4804446, at *1 (M.D. Fla. Oct. 14, 2021) (citing *EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 106-07 (5th Cir. Feb. 5, 1981)).[2] "A general averment that 'all conditions precedent to the institution of this lawsuit have been fulfilled' is quite adequate for pleading purposes." *Klingler*, 636 F.2d at 106 (citations omitted).

### III. DISCUSSION

Defendant argues that Plaintiff failed to properly state a claim for a breach of contract as to Count I because Plaintiff failed to identify any violated provision of the Miami Franchise Agreement. ECF No. [5] at 2-3. Defendant argues that Counts I and II should be dismissed because Plaintiff failed to comply with mandatory mediation clauses included in the Franchise Agreements. *Id*. at 3, 4 n.6. Finally, Defendant asserts that Plaintiff is not a party to Pembroke Pines Franchise Agreement and therefore does not have standing to bring Count II. *Id*. at 4. Defendant argues that Jumpin Jack Retail, Inc., not Jumping Jack Retail II, Inc., was the party to the Pembroke Pines Franchise Agreement. *Id.*

Plaintiff's Response does not meaningfully address Defendant's arguments that Plaintiff failed to adequately state a claim as to Count I or that Plaintiff lacks standing to bring Count II. ECF No. [9]. Plaintiff also argues that the mediation called for in the Franchise Agreements was optional, not mandatory. *Id*. at 1.

---

[2] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

The Court agrees with Defendant. The Eleventh Circuit stated, "[u]nder general contract principles, the plain meaning of a contract's language governs its interpretation." *PNC Bank, Nat. Ass'n v. GVTG, LLC*, 592 F. App'x 775 (11th Cir. 2014) (citing *Belize Telecomm., Ltd. v. Belize*, 528 F.3d 1298, 1306 n.10 (11th Cir. 2008)). The only reasonable interpretation of the term "will" is "shall" or "must." *See Allstate Ins. Co. v. Orthopedic Specialists*, 212 So. 3d 973 (Fla. 2017); *see also Absolute Abstracting, LLC v. Navalcat Int'l S.A.S.*, No. 2:16-CV-14046, 2016 WL 11493425 at *3 (S.D. Fla. Mar. 30, 2016).

In this case, the same mediation clause is contained in both of the Franchise Agreements. The mediation clauses read in relevant part:

> To facilitate such resolution, we and you agree that, except as otherwise specified below, if any dispute between you and us cannot be settled through negotiation, then before commencing litigation to resolve the dispute, you and we *will* first attempt in good faith to settle the dispute by non-binding mediation.

ECF No. [5-1] at 36 (emphasis added); ECF No. [5-2] at 36 (emphasis added).

As such, the Court determines that the term "will" as it is used in the Franchise Agreements makes the condition of mediation mandatory rather than permissive. Plaintiff fails to allege that all conditions precedent have occurred or been performed in the Complaint, and it is undisputed that these claims have not been mediated. As such, the condition precedent to litigation has not been met and these claims must be dismissed. *See 3-J Hosp., LLC v. Big Time Design, Inc.*, No. 09-61077-CIV-MARRA, 2009 WL 3586830 at *2 (S.D. Fla. Oct. 27, 2009) (citing *Kemiron Atlantic, Inc. v. Aguakem Intern., Inc.*, 290 F.3d 1287 (11th Cir. 2002)).

Given the Court's determination, the Court need not proceed further.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [5]**, is **GRANTED**.

Case No. 22-cv-61443-BLOOM/Valle

2. The Complaint, **ECF No. [1-1]**, is **DISMISSED WITHOUT PREJUDICE**;

3. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 25, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record